### ERNEST BAKER v. THE STATE.

No. 4782. Decided December 19, 1917.

**Pandering—Insufficiency of the Evidence.**

Where, upon trial of pandering, the evidence showed a case where defendant had knowledge of the fact that his wife had sexual intercourse with other men and that he did not protest, yet there was nothing to show that defendant induced these men to visit his wife, the conviction could not be sustained.

Appeal from the District Court of Fisher. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of pandering; penalty five years imprisonment in the penitentiary.

The opinion states the case.

*J. D. Barker,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of pandering, his punishment being assessed at five years confinement in the penitentiary.

The indictment contains several counts. We are of opinion the evidence is not sufficient to support any charge contained in the indictment. The substance of the whole indictment is, that appellant induced his wife to submit her body to illicit intercourse. This is covered by various counts as stated. Some counts allege that he induced his wife to go in a house of prostitution.. His wife was used by the State, and testified her husband had never at any time 'solicited her to become an inmate of a house of prostitution; had never asked her to submit her person to any man or men for the purpose of prostitution, or to have intercourse with any man. She testified also that she had never lived in a house of prostitution; that she and her husband lived in a tent, and that there was another tent not a great ways from where she and her husband lived, about one hundred and fifty yards distant. Overby was used as a witness and testified, in substance, that appellant never induced him or told him to go about his wife or to have intercourse with her, and never said anything to him about it in any way. "He did not suggest to me from any standpoint that he wanted me to go down and have intercourse with his wife and pay her for it." He says he was down at appellant's tent to see him about a horse trade, and went there without invitation. The witness Hanna testified that he was at appellant's camp or place of residence; that he did not talk to defendant; that defendant never invited him to come and have intercourse with his wife or ever suggest it to him. To use his language he says: "He never did give me any sign that I could have intercourse with his wife." The same may be said of the witness Huey. The witness Hale testified about the first of Dceember last year, which seems to have been long prior to this matter under investigation, that he was in his car and drove up near the sidewalk, and appellant came to his car and stopped and asked him if he wanted to go out and see a woman. The witness told him he would go if it was not too far. He was informed by defendant it was about two and one-half miles. There were others there besides appellant and witness. He went out to a tent and had intercourse with a woman, for which he paid her three dollars. That Brantley, Curley and Weatherby accompanied him. There was no light in the tent. He says this was in Fisher County. He did not know the woman, but thought it was Mrs. Baker; that he would not swear whether it was a yellow negro or not; did not know whether it was Mrs. Baker or not; that there were two beds in the tent, or a bed and a pallet. He says after reaching the tent Weatherby made arrangements for him; defendant did not. "This defendant did not

make any arrangements or tell me anything." If there is any testimony in this record that shows appellant induced men to have intercourse with his wife it is found in the testimony of the last mentioned witness. It may be stated, without giving the details, that the circumstances show that the wife of appellant was a prostitute; that they moved from one county to another, as detailed in the testimony. They did not remain long in any one place. The circumstances would indicate also that the defendant knew that his wife was a prostitute, and was having intercourse with men, and from the record it may be inferred that he made no objection to her course of conduct, but outside of the one witness above mentioned there is nothing to show that appellant induced men to visit his wife. The case is one of knowledge of the fact and want of protest on his part. We are of opinion this is not sufficient to convict of pandering.

Believing the evidence is not sufficient, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*